UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| RYCON CONSTRUCTION, INC.<br><br>                      Plaintiff,<br><br>vs.<br><br>SIKA CORPORATION<br><br>                      Defendant. | CIVIL NO. 2:23-cv-18094-CCC-JBC<br><br>**COMPLAINT** |

Plaintiff, RYCON CONSTRUCTION, INC. ("Rycon"), by and through its attorneys, Hinckley, Allen & Snyder LLP, as and for its Complaint against Defendant, SIKA CORPORATION ("Sika") hereby alleges as follows:

### THE PARTIES

1. Rycon is a foreign business corporation organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 2501 Smallman Street, Suite 100, Pittsburgh, Pennsylvania 15222.

2. Sika is a corporation organized under the laws of the State of New Jersey, with a principal place of business located at 201 Polito Avenue, Lyndhurst, New Jersey 07071.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, based on diversity of citizenship, because the matter involves an amount in controversy that exceeds $75,000.00, exclusive of interests and costs, and there exists complete diversity between the parties, as Rycon is not a citizen of the same state as Sika.

4. Rycon is a citizen of the Commonwealth of Pennsylvania in that it is a corporation organized and existing under the laws of, and has a principal place of business in, the Commonwealth of Pennsylvania.

5. Sika is a citizen of the State of New Jersey in that it is a corporation organized and existing under the laws of, and has a principal place of business in, the State of New Jersey.

6. Venue properly lies in this district pursuant to 28 U.S.C. § 1391(b) because it is the judicial district in which Sika resides.

## BACKGROUND

7. This dispute arises out of a waterproofing system manufactured by Sika and distributed to Midstate Caulking & Construction Services, LLC ("Midstate"), a subcontractor to Rycon, for installation on a project known as Kendall 124 – Floor & Décor #192 Project (the "Project").

8. On or about February 28, 2018, Kendall 124, LLC ("Owner"), the Owner of that certain real property on which the Project is located, and Rycon entered into a construction agreement whereby Rycon was to provide construction services for the Project, including the Project's rooftop parking deck.

9. On or about April 12, 2018, Rycon entered into a written subcontract with Midstate (the "Subcontract") under which Midstate would perform certain waterproofing, sealing, caulking, fireproofing, and plastering work on the rooftop parking deck for the Project.

10. Though the Subcontract required Midstate to use a "Tremco" system as a waterproofing system on the Project, Midstate sought to use a waterproofing system manufactured by Sika, known as "Sikalastic Traffic Systems" ("Sikalastic" or the "Product"). Both Midstate and Sika represented, on numerous occasions, that Sika's Sikalastic traffic coating system would be a proper and effective waterproofing system for the Project and Sika offered that, should Owner

65865169 v1

agree to utilize the Sikalastic product, Sika would agree to replace or reimburse the cost of defective Sikalastic. Accordingly, Owner agreed to utilize Sikalastic manufactured by Sika to waterproof and coat the roofing system/parking deck on the Project.

11. Pursuant to Owner's agreement to use the Sikalastic manufactured by Sika in lieu of the specified Tremco material, Midstate supplied 64 pails of Sikalastic FTP Primer (2A+2B), 184 pails of Sikalastic-710 Base gray, and 323 pails of Sikalastic-735AL gray, all manufactured by Sika, that was delivered and installed on the Project.

12. On or about July 30, 2019, Sika memorialized its agreement with Owner to replace or reimburse the cost of defective Sikalastic pursuant to Owner's agreement to utilize Sikalastic for the Project. A copy of the Agreement is attached hereto as **Exhibit "A"**.

13. The Agreement between Sika and Owner expressly provides

> Sika agrees that, during the Warranty Period, it will within a 7-day period after receipt of said written notice from Owner promptly inspect the Product(s). Upon inspection, if the Product(s) fails to meet the technical properties set forth in the Technical Data Sheet due to a manufacturing defect, Sika will, at its exclusive option, either replace the Product(s) or reimburse the cost of the Product(s).

See **Ex. "A"**, ¶ 2.

14. On or about June 16, 2024, Owner and Rycon entered into a Repair Agreement and First Amendment to Tolling Agreement whereby Owner assigned its rights under the Sika Agreement to Rycon. A copy of the Repair Agreement and First Amendment to Tolling Agreement is attached hereto as **Exhibit "B"**.

### COUNT I – Breach of Contract

15. Rycon repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

16. Owner agreed to permit Midstate to utilize the Sikalastic traffic coating system manufactured by Sika for the Project's rooftop parking deck in lieu of the specified Tremco

materials and Owner's agreement was based in part on Sika's agreement to replace or reimburse the cost of any product found to be defective. *See* **Ex. "A"**.

17. Owner fully performed its obligations under its Agreement with Sika by permitting Midstate to purchase and utilize the Sikalastic product for the Project's rooftop parking deck and by issuing payment in full for all Sika materials utilized on the project.

18. It has since been discovered that Sika's product suffered from defects and deficiencies which led to leaks throughout the parking deck and which necessitate a full removal and replacement of the traffic coating system.

19. Despite due demand, Sika has to date failed or refused to replace the defective Sika product or reimburse Owner for the cost of same, thereby materially breaching the Agreement.

20. As a direct and proximate result of Sika's breach, Owner has suffered, and will continue to suffer, substantial damages, together with costs, interest and attorneys' fees, in an amount in excess of $75,000.00 to be proven at trial.

WHEREFORE, Plaintiff, RYCON CONSTRUCTION INC., respectfully requests this Honorable Court:

A. Enter judgment to Rycon and against Defendant Sika on the claim asserted herein;

B. Award monetary damages to Rycon in excess of $75,000.00 in an amount to be proven at trial on the claim asserted herein, plus interest, costs, and reasonable attorneys' fees; and

C. Grant such further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

RYCON CONSTRUCTION, INC. demands a trial by jury on all issues so triable.

Date: April 18, 2025                                    HINCKLEY, ALLEN & SNYDER LLP

*/s/ Mitchell R. Edwards*
Mitchell R. Edwards, Esq. (ID#021751999)
100 Westminster St # 1500
Providence, RI 02903
(401) 274-2000 – Office
(401) 277-9600 – Fax
medwards@hinckleyallen.com